RECEIVED
JUL 2 1 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DON VAN NGUYEN | CIVIL ACTION NO. 09-1145 |
| VERSUS | JUDGE DOHERTY |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Pending before this Court is the "Petition for Judicial Review" [Doc. 1] filed by *pro se* plaintiff Don Van Nguyen. Because the plaintiff is *pro se*, this Court has a heightened responsibility to ensure the plaintiff's filings are liberally construed.

Plaintiff filed an application for naturalization on May 2, 2008. That application was ultimately denied on June 11, 2009. Plaintiff seeks review of his unfavorable naturalization ruling in this Court pursuant to Section 310(c) of the Immigration and Nationality Act, which states:

> A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5, United States Code. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

After review of the plaintiff's Petition, this Court has grave question concerning the available remedies requested in this Court, as well as the procedural posture presented by the Petition. It appears the Petition filed by the plaintiff has not been served on the defendants, but rather, the plaintiff has requested that the *Clerk of Court* serve the defendants. This Court has question as to

whether the request for service in the Petition is adequate, as it is not a function of the Clerk of Court to effect service on branches of the federal government.

Additionally, this Court has question concerning whether it has jurisdiction over the instant lawsuit, as Section 310(c) requires that suit be brought in the "United States district court for the district in which [the applicant] resides." Although plaintiff filed the instant lawsuit in the Western District of Louisiana, plaintiff's petition states plaintiff resides in Baton Rouge, Louisiana, which is located in the Middle District of Louisiana. Finally, plaintiff's petition does not state whether the matter has previously been submitted to a "hearing before an immigration officer under section 336(a)," as is required before the plaintiff may seek review in federal district court.

Before this Court can consider any substantive deficiencies occasioned by the plaintiff's filing, the lawsuit must be served on the appropriate defendants.

Considering the foregoing, IT IS ORDERED that the plaintiff has thirty (30) days to effect service on the proper United States agency, or the Petition for Judicial Review as filed must be denied.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of July, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE